IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| REVEREND WES CARROLL, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-2 |
| | ) | |
| ALLEGHENY COUNTY, et al., | ) | |
| Defendants. | ) | |
| | ) | |

REPORT AND RECOMMENDATION

I.   Recommendation

It is respectfully recommended that the amended complaint in the above-captioned case (Docket No. 11) be dismissed for plaintiff's failure to prosecute.

II.   Report

Plaintiff, Reverend Wes Carroll, who was formerly a pretrial detainee incarcerated at the Allegheny County Jail and presently is an inmate incarcerated at the State Correctional Institution at Dallas, Pennsylvania ("SCI Dallas"), has presented a civil rights complaint which he has been granted leave to prosecute without prepayment of costs against the following defendants: Allegheny County, Moira Harrington (a City of Pittsburgh traffic court magistrate), Allegheny Correctional Health Services, Inc. ("ACHS," the organization which provides health care services for the jail), Ronald Nagy (a police officer), Calvin Lightfoot (former warden of the jail), Frederick Rosemeyer (former acting warden), Ramon Rustin (current warden), Dan Onorato (Chief Executive Officer of Allegheny County), James M. Flynn, Jr. (Manager of Allegheny County), ACE Commission (the Accountability, Conduct and Ethics Commission for the

County), Jane Doe (an ACHS nurse) and John Doe (an ACHS doctor). Plaintiff alleges that on September 8, 2003, a home invader was robbing his home while he was sleeping so he called the police for help; that a racist City of Pittsburgh police officer (Ronald Nagy) threatened him and took the intruder into custody; that he contacted the Citizens Police Review Board, the O.J.P., the Community Oriented Policing Services, Inc., etc. about Nagy's threats and Nagy retaliated by robbing his home on several occasions and attempting to file false charges against him; that Nagy then illegally arrested him, held him hostage for eight hours, and put him in the Allegheny County Jail on September 12, 2003, where he remained at the time he filed his complaint;[1] that on September 18, 2003, Nagy and his corrupt city hall friends gave him a sham preliminary hearing in front of a corrupt traffic court magistrate (Moira Harrington), who denied him bail, bond, a veracity hearing, visual and hearing aids (plaintiff is blind and deaf), fairness, impartiality, suppressions, an opportunity to be heard and to present evidence in his favor, etc.; that ACHS has failed to provide him with prescribed medications and medical care and he has suffered at least three heart attacks, mild strokes, high blood pressure, etc.; that he has given at least 50 notifications of his medical needs that have been ignored, and he has been denied his medicines for months at a time, or he has received them one day but not the next five. These facts are said to state a cause of action under the provisions of 42 U.S.C. § 1983.

Plaintiff filed his complaint on January 3, 2005 and on February 9, 2005, he filed an amended complaint (Docket No. 11).

On June 16, 2005, an order was entered (Docket No. 58), adopting a Report and Recommendation filed on May 18, 2005 (Docket No. 51) granting the motion to dismiss filed by

---

[1] He has since been convicted and transferred to SCI Dallas.

defendants Allegheny County, Calvin Lightfoot, Frederick Rosemeyer, Dan Onarato, James M. Flynn, Jr., ACE Commission and Ramon Rustin (Docket No. 28), and granting in part and denying in part the motion to dismiss filed by defendants ACHS, Jane Doe and John Doe (Docket No. 38).  On October 28, 2005, an order was entered (Docket No. 92), adopting a Report and Recommendation filed on October 5, 2005 (Docket No. 90) and dismissing defendants Moira Harrington and Ronald Nagy pursuant to Rule 4(m).  Thus, as of October 28, 2005, the only remaining defendants were John and Jane Doe, an unnamed doctor and nurse, respectively, with ACHS.[2]

On October 5, 2005, an order was entered (Docket No. 91), directing that all discovery be completed on or before November 15, 2005 and that, on or before November 30, 2005, the plaintiff shall file a narrative written statement of the facts that will be offered by oral or documentary evidence at trial and a list of all exhibits to be offered into evidence at the trial and a list of the names and addresses of all witnesses he intends to call.  On December 23, 2005, an order was entered, directing Plaintiff to show cause why his case should not be dismissed or file his pretrial narrative statement by January 3, 2006 (Docket No. 95).  Although, as outlined below, Plaintiff has filed numerous motions since that time, he has not complied with the order of Court.

On January 3, 2006, Plaintiff filed a motion for appointment of counsel (Docket No. 96). On January 5, 2006, he filed an emergency motion for temporary restraining order and motion to stay proceedings (Docket No. 97), which were denied by order dated January 9, 2006 (Docket

---

[2]   On January 17, 2006, John Doe and Jane Doe filed a Motion to Dismiss for Failure to Comply with an Order of This Court (Docket No. 113).  In light of the instant Report and Recommendation, it will not be necessary for the Court to address this motion.

3

No. 105). On January 9, 2006, he filed an emergency motion for reconsideration of all motions denied and motion for sanctions (Docket No. 98), which was granted in part and denied in part by order dated January 10, 2006 (Docket No. 106). On January 9, 2006, he filed a motion for stay of proceedings, extension of time and motion for court access (Docket No. 100), which was denied by order dated January 10, 2006 (Docket No. 107). On January 9, 2006, he filed a motion for interpreter, visual enhancements and ADA accommodations and motion for stay of all proceedings pending reviews (Docket No. 101), which was denied by order dated January 10, 2006 (Docket No. 108). On January 9, 2006, he filed an emergency motion for temporary restraining order (Docket No. 102), which was denied by order dated January 10, 2006 (Docket No. 109). On January 12, 2006, he filed a motion for submissions and preparation of court and counsel documents via electronic computer bulletin board and motion for library access (Docket No. 110), which was denied by order dated January 17, 2006 (Docket No. 114). On January 12, 2006, he filed an omnibus motion for submissions and preparation of court and counsel documents via electronic computer bulletin board and motion for library access (Docket No. 111), which was denied by order dated January 17, 2006 (Docket No. 115). On January 12, 2006, he filed an emergency motion for submissions and preparation of court and counsel documents via electronic computer bulletin board and motion for library access (Docket No. 112), which was denied by order dated January 17, 2006 (Docket No. 116).

      Each of these documents indicated that Plaintiff was unable to file motions because he had been deprived of eyeglasses, hearing aids and other items by officials at SCI Dallas. However, the fact that he was able to file these motions raising this excuse demonstrates that the alleged deprivations have not precluded or prevented him from filing documents with the Court.

It is clear that the punitive dismissal of an action for failure to comply with court orders is left to the discretion of the Court.  Mindek v. Rigatti, 964 F.2d 1369 (3d Cir. 1992).  In determining whether an action should be dismissed as a sanction against a party the Court must consider six factors.  These factors, as set forth in Poulis v. State Farm Fire and Casualty Company, 747 F.2d 863, 868 (3d Cir. 1984), are as follows:

(1)     The extent of the party's personal responsibility.

(2)     The prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery.

(3)     A history of dilatoriness.

(4)     Whether the conduct of the party or the attorney was willful or in bad faith.

(5)     The effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions.

(6)     The meritoriousness of the claim or defense.

Consideration of these factors reveals that the instant action should be dismissed.

Factors 1, 3, and 4 all relate to Plaintiff's failure to comply with this Court's order which weigh heavily against him.  Such compliance was not only Plaintiff's sole personal responsibility, Emerson v. Thiel College, 296 F.3d 184, 190 (3d Cir. 2002), but his continued failure to do so even a month and a half after the date set by the first order to submit his pretrial narrative statement appears willful and constitutes a history of dilatoriness.  At the same time, Plaintiff has continued to file motions claiming his inability to comply with this Court's orders because of deprivations of eyeglasses and hearing aids, yet his very ability to file these motions demonstrates that he has not been precluded from filing documents with this Court.

With respect to the second factor – the prejudice caused to the adversary by plaintiff's failure to comply with this Court's orders – his failure to file a pretrial narrative statement

hinders their ability to prepare for trial in this case. This also weighs against Plaintiff. Finally, factor No. 6 – the meritoriousness of the claim – will be weighed neither in favor nor against Plaintiff. Nevertheless, "[n]ot all of these factors need be met for a district court to find dismissal is warranted." Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988).

The final factor to consider is the effectiveness of sanctions other than dismissal. Since Plaintiff filed this action in forma pauperis, it does not appear that monetary sanctions are appropriate. Emerson, 296 F.3d at 191. Thus, dismissal appears to be the most appropriate action for this Court to take and it is respectfully recommended that the amended complaint in the above-captioned case be dismissed since no other sanctions will serve justice.

Within ten days after being served with a copy, any party may serve and file written objections to the report and recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

                Respectfully submitted,

                s/Robert C. Mitchell
                ROBERT C. MITCHELL
                United States Magistrate Judge

Dated: January 18, 2006

cc:    Reverend Wes Carroll
       GE-8666
       SCI Dallas
       1000 Folies Road
       Dallas, PA  18612